UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE NORTON,

Plaintiff,

v. Case No. 8:13-cv-01990-T-23AEP

MARTIN SCHMIDT, *et al.*,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff Dwayne Norton filed a Complaint (Dkt. No. 1) asserting claims against Defendants for an appeal of a workers' compensation action, based on Norton's alleged injury while working for Defendants.[1] Currently before the Court is Norton's Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion to proceed *in forma pauperis*. For the reasons that follow, I recommend that the Motion to Proceed *In Forma Pauperis* be denied and this action be dismissed.[2]

In considering requests to proceed *in forma pauperis*, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1) (2012). When an application to proceed *in forma*

---

[1] Norton's Affidavit of Indigency states that the nature of his action is a "criminal case on appeal." (Dkt. No. 2 at 1.) Therefore, it is unclear whether Norton bases his instant Complaint on a criminal matter or on a workers' compensation matter. Based on the entirety of Norton's filings, however, the Court construes this matter as based on an appeal of a workers' compensation action.

[2] Under 28 U.S.C. § 636(b)(1), the Motion has been referred to the undersigned for disposition or a report and recommendation. (Dkt. No. 2.)

*pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *see Jackson v. Farmers Ins. Group/Fire Ins. Exch.*, 391 Fed. Appx. 854, 856 (11th Cir. 2010) (per curiam) (defining a frivolous case as one containing "clearly baseless" factual allegations or one based on an "indisputably meritless" legal theory (citation omitted)). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

Furthermore, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. FBI*, 405 Fed. Appx. 386, 387 (11th Cir. 2010) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted

by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (citation and internal quotation marks omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

To begin, it is unclear whether Norton meets the requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915. Norton is single and does not state whether he has any dependents. (Dkt. No. 2 at 2.) Norton indicates that he is unemployed as of July 2010 but receives Social Security income in the amount of $710 monthly, and Norton received $4,900 from April through July 2013 in Social Security income. (Dkt. No. 2 at 2.) Further, Norton reports that he has $800 in cash. (Dkt. No. 2 at 3.) Norton claims that he does not own real property or an automobile. (Dkt. No. 2 at 2-3.) And while he does not fill out anything in the mortgage payment section, Norton vaguely asserts that his monthly rental obligations include "300 sister an[d] 300 brother." (Dkt. No. 2 at 3.) Likewise, Norton states that he has to pay for medications, clothes, and hygiene, but he does not specify what amount per month he spends on such items. (Dkt. No.

2 at 4.) In addition, Norton's Affidavit is not notarized as required. (Dkt. No. 2 at 5.) Based on the foregoing, the Court is unable to make a determination on Norton's Motion to Proceed *In Forma Pauperis*.

Moreover, Norton's Complaint is subject to dismissal for lack of jurisdiction. By his submissions, Norton seeks to appeal a workers' compensation claim based on an alleged July 2, 2010 injury while he was working for Defendants, which was dismissed by Florida's First District Court of Appeal on July 16, 2012[3], and subsequently a petition for review was dismissed by the Florida Supreme Court on May 31, 2013 (Dkt. No. 1, Ex. A at 3). Similarly, as an attachment to his Complaint, Norton includes a July 1, 2013 letter from the Eleventh Circuit Court of Appeals informing Norton that it did not have the authority to hear appeals from state and county courts. (Dkt. No. 1, Ex. A at 1.)[4] It is apparent from Norton's submissions that he misunderstood the Eleventh Circuit's letter as instructing him to appeal in the district court. Even though that letter referenced a different case, the Eleventh Circuit's explanation that it did not have the authority to hear an appeal of a state or county case is equally applicable in this instance. United States district courts are not empowered to review final judgments in state court proceedings. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). For this reason, Norton's Complaint should be dismissed for lack of jurisdiction and failure to conform to the procedural

---

[3] Dismissal, *Norton v. Schmidt, et al.*, No. 1D11-4082 (Fla. 1st DCA July 16, 2012).

[4] The Court notes that even though Norton did in fact send a notice of appeal to the Eleventh Circuit regarding *this* matter (Dkt. No. 1, Ex. A at 2), the letter in response from the Eleventh Circuit attached to his Complaint is actually in response to *another* notice of appeal that Norton filed and relates to a different case in this District (*Norton v. Ober, et al.*, No. 8:13-cv-01991-T-27EAJ (M.D. Fla. filed July 31, 2013)).

requirements of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a) (stating that a pleading must state a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought).

Accordingly, after due consideration and for the reasons stated herein, it is hereby

RECOMMENDED:

1. Plaintiff Dwayne Norton's construed Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) be DENIED and this action be DISMISSED.

2. The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff Dwayne Norton.

IT IS SO REPORTED in Tampa, Florida, on this 12th day of August, 2013.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

cc: Hon. Steven D. Merryday
Plaintiff, *pro se*